UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| CHRISTOPHER A COUGLE | * | CIVIL ACTION NO. 17-5074 |
| | * | |
| | * | SECTION: "N"(1) |
| VERSUS | * | |
| | * | JUDGE KURT D. ENGELHARDT |
| GEORGE W. BUSH II | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Christopher Cougle filed the above-captioned matter in this Court. This Court granted Mr. Cougle's Application to Proceed in District Court without Prepaying Fees or Costs. Accordingly, Mr. Cougle is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915.

28 U.S.C. § 1915(e)(2)(B) provides for summary dismissal *sua sponte*, should the Court determine that a case is frivolous. Section 1915(e)(2)(B) provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court **shall dismiss** the case at any time if the court determines that –
>  . . .
>     (B) the action or appeal –
>       (i) is frivolous or malicious;
>       (ii) fails to state a claim on which relief may be granted; or
>       (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B)(i)-(iii) (emphasis added). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31–32 (1992). Of course, where a *pro se* plaintiff's complaint might be remedied by further factual development and an opportunity to amend, dismissal would not be appropriate until the plaintiff was given this chance. Eason v. Thaler, 14 F.3d 8, 10 (5th Cir. 1994) (explaining that a Spears hearing or prisoner questionnaire can be used to remedy inadequate prisoner pleadings). However, a claim may be

1

dismissed as factually frivolous where it is fantastic, fanciful, delusional, irrational or wholly incredible. Denton, 504 U.S. at 32; see Flores v. U.S. Atty. Gen., 434 F. App'x 387, 388 (5th Cir. 2011); Eason 14 F.3d at 8.

The Court has permitted the plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). However, summons has not issued in order to allow the Court to review plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. On its face, plaintiff's complaint fails to meet the requirements of the statute. There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*. See Startii v. United States, 415 F.2d 1115, 1116 (5th Cir.1969); see also Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in *forma pauperis* is not new).

The sole defendant in this lawsuit is former President George W. Bush. Without factual development Mr. Cougle alleges "wiretapping," "Broke 4th Amendment of Constitution" and "Obstruction of Justice." Among other things, Mr. Cougle alleges that Kristen Fisher and Dana Perino were forced into sham marriages to try and break an agreement agreed upon by those who fought in World War II. He asserts that the Republican Party ordered a dossier on President Trump, that Bush conspired with Trump and Russia to win the 2016 election and they are trying to do the same in 2018. He asserts that Bush lied about Saddam Hussein having chemical weapons and fought a "false war." He claims that Bush covered up Mr. Cougle's car accident with Jeb Bush and that the FBI has video of Jeb Bush hitting his car and running away from the accident. He claims there is no NATO and that Russia and Turkey are part of the European Union. He says "Flynn is my delegate. You will leave him alone. You will honor his diplomatic status." He alleges that Bush

caused the levee to break during Hurricane Katrina. He demands: "1. Taylor Mockler here in New Orleans, 2. Puerto Rico admitted as a state, 3. Washington D.C. admitted as a state, 4. Prison Reform, 5. Obama as a Supreme Court Justice, 6. 5 million dollars to Obama's presidential library, 7. Opt-In with the rightly elected officials."

The Court cannot determine on what basis it might have jurisdiction to grant Mr. Cougle the relief that he seeks. Moreover, Mr. Cougle's complaint is made up entirely of the type of fantastic and fanciful claims that cannot be remedied by further factual development. Accordingly,

IT IS RECOMMENDED that the plaintiff's suit be dismissed without prejudice as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

fspears

New Orleans, Louisiana, this 5th day of June, 2017.

_____
Janis van Meerveld
United States Magistrate Judge